Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
ROSA OJEDA, individually and on behalf of all others similarly situated,

                Plaintiff,

  -against-

NYCLEANING SOLUTIONS CORP. and FERNANDO PINTADO and MARIO SILVA, as individuals,

                Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **ROSA OJEDA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **NYCLEANING SOLUTIONS CORP. and FERNANDO PINTADO and MARIO SILVA, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **NYCLEANING SOLUTIONS CORP.**, located at 37 Union Square West, New York, NY 10003.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff ROSA OJEDA residing in Corona, NY 11368, was employed by Defendants at NYCLEANING SOLUTIONS CORP., from in or around December 2009 until in or around March 2023.

8. At all relevant times hereto, Plaintiff was hired by Corporate Defendant, NYCLEANING SOLUTIONS CORP., as a cleaner and was dispatched to perform her duties in a commercial building located at 37 Union Square West, New York, NY 10003.

9. At all relevant times hereto, Plaintiff's paychecks bear the name of NYCLEANING SOLUTIONS CORP.

### *The Defendants*
### NYCleaning Solutions Corp.

10. Upon information and belief, Defendant NYCLEANING SOLUTIONS CORP. is a New York domestic business corporation organized under the laws of New York with a principal executive office at 37 Union Square West, New York, NY 10003.

11. Upon information and belief, Defendant NYCLEANING SOLUTIONS CORP. is registered in the New York Department of State, Division of Corporation with service of process address at 333 Jericho Turnpike, Suite 136, Jericho, NY 11753.

### *Individual Defendants*

### **Fernando Pintado and Mario Silva**

12. Upon information and belief, Defendants FERNANDO PINTADO and MARIO SILVA own and operate NYCLEANING SOLUTIONS CORP.

13. Upon information and belief, Defendants FERNANDO PINTADO and MARIO SILVA are agents of NYCLEANING SOLUTIONS CORP.

14. Upon information and belief, Defendants FERNANDO PINTADO and MARIO SILVA are responsible for overseeing the daily operations of NYCLEANING SOLUTIONS CORP.

15. Upon information and belief, Defendants FERNANDO PINTADO and MARIO SILVA have power and authority over all the final personnel decisions at NYCLEANING SOLUTIONS CORP.

16. Upon information and belief, Defendants FERNANDO PINTADO and MARIO SILVA have power and authority over all final payroll decisions of NYCLEANING SOLUTIONS CORP., including the Plaintiff.

17. Upon information and belief, Defendants FERNANDO PINTADO and MARIO SILVA have the exclusive power to hire and fire employees at NYCLEANING SOLUTIONS CORP., establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

18. During all relevant times herein, Defendants FERNANDO PINTADO and MARIO SILVA were Plaintiff's employers within the meaning of the FLSA and NYLL.

19. On information and belief, NYCLEANING SOLUTIONS CORP., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

20. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in August 2024, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning August 2018 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

21. Plaintiff ROSA OJEDA was employed by Defendants at NYCLEANING SOLUTIONS CORP., from in or around December 2009 until in or around March 2023.

22. During Plaintiff ROSA OJEDA's employment by the Defendants at NYCLEANING SOLUTIONS CORP., Plaintiff's primary duties were as a cleaner while performing other miscellaneous duties, from in or around December 2009 until in or around March 2023.

23. During the relevant statutory period, Plaintiff was responsible for cleaning multiple floors of the commercial building located at 37 Union Square West, New York, New York 10003.

24. During the relevant statutory period, Plaintiff ROSA OJEDA regularly worked five (5) days per week.

25. Plaintiff ROSA OJEDA regularly worked a schedule of shifts beginning from approximately 6:00 p.m. each workday and regularly ending at approximately 1:00 a.m. or later, two (2) days per week; from approximately 6:00 p.m. each workday and regularly ending at approximately 12:00 a.m. or later, one (1) day per week; from approximately 6:00 p.m. each workday and regularly ending at approximately 3:00 a.m., or later, one (1) day per week; and from approximately 6:00 a.m. each workday and regularly ending at approximately 12:00 a.m. or later, one (1) day per week, during the relevant statutory period.

26. Thus, Plaintiff ROSA OJEDA was regularly required to work forty-seven (47) hours per week from during the relevant statutory period.

27. Plaintiff ROSA OJEDA was paid by Defendants a flat monthly rate of approximately $1,500.00 per month.
28. During Plaintiff's hire in or around December 2009, Defendants informed Plaintiff that she will receive $1,500.00 per month.
29. For the relevant statutory period of August 2018 until in or around January 2020, Plaintiff was paid on a monthly basis.
30. However, in or around February 2020 until the end of Plaintiff's employment in March 2023, Plaintiff began to receive her pay only every two (2) months during this period.
31. As such, Plaintiff was paid by Defendants on a monthly basis from in or around August 2018 until in or around January 2020 and every two (2) months from in or around February 2020 until in or around March 2023.
32. Defendants failed to pay Plaintiff ROSA OJEDA the legally prescribed minimum wage for all her hours worked during the relevant statutory period, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
33. Although Plaintiff ROSA OJEDA worked approximately forty-seven (47) hours or more hours per week during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
34. Defendants paid Plaintiff ROSA OJEDA on a monthly basis and up to two (2) months, failing to timely pay Plaintiff for her first three weeks of wages for the period of August 2018 until in or around January 2020 and failing to timely pay Plaintiff for her first seven weeks of wages for the period of February 2020 until in or around March 2023, and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.
35. Furthermore, Plaintiff was not compensated at all by Defendants for her last ten (10) work weeks.
36. Due to Defendant's late and non-payments, Plaintiff experienced a myriad of financial difficulties specifically in covering her regular expenses such as bills, food, transportation, and other expenses.

37. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

38. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

39. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

40. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

41. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

**COLLECTIVE ACTION ALLEGATIONS**

42. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

43. Collective Class: All persons who are or have been employed by the Defendants as cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

44. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.
45. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
46. Defendants' unlawful conduct has been widespread, repeated, and consistent.
47. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
48. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
49. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
50. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
51. The claims of Plaintiff are typical of the claims of the putative class.
52. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

56. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

60. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount

equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

65. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

66. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

67. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

68. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

69. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

70. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

71. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

74. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

75. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

76. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

77. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

78. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

79. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

### SIXTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

80. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

81. Defendants willfully violated the rights of Plaintiff by failing to pay her wages owed on a weekly basis in which her wages were earned, in violation of New York Labor Law § 191.

82. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

83. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SEVENTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
85. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
86. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
88. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
89. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid minimum wages;
d. Awarding Plaintiff's unpaid wages;
e. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;

f.  Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g.  Awarding Plaintiff prejudgment and post-judgment interest;

h.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i.  Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 14, 2024
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSA OJEDA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

NYCLEANING SOLUTIONS CORP. and FERNANDO PINTADO and MARIO SILVA, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.<br>
*Attorneys for Plaintiff*<br>
80-02 Kew Gardens Road, Suite 601<br>
Kew Gardens, New York 11415<br>
Phone (718) 263-9591<br>
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**NYCLEANING SOLUTIONS CORP. (DOS ID: 4887115)**
333 Jericho Turnpike, Suite 136, Jericho, NY 11753

*via Personal Service:*
**NYCLEANING SOLUTIONS CORP.**
37 Union Square West, New York, NY 10003

**FERNANDO PINTADO**
37 Union Square West, New York, NY 10003

**MARIO SILVA**
37 Union Square West, New York, NY 10003